IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BSI GROUP LLC, and**  **PLAINTIFFS**
**INTERNATIONAL BUSINESS**
**SOLUTIONS GROUP LLC**

**v.**    **CASE NO. 3:23-CV-00127-BSM**

**EZBANC CORP., EVOLVE**
**BANK & TRUST, and SOLID**
**FINANCIAL TECHNOLOGIES, INC.**    **DEFENDANTS**

## ORDER

Solid Financial's motion to dismiss for lack of personal jurisdiction [Doc. No. 28] is denied.

## I. BACKGROUND

BSI Group LLC and International Business Solutions Group are suing EZBanc Corp., Evolve Bank & Trust, and Solid Financial Technologies, Inc., for conversion, negligence, breach of fiduciary duty, and constructive fraud. Solid Financial Technologies, Inc. is moving to dismiss the claims against it for lack of personal jurisdiction.

Solid is a Delaware corporation with its principal place of business in California. Solid's Motion to Dismiss ¶ 2, Doc. No. 28 (MTD). While Solid has no offices, employees, mailing addresses, bank accounts, or telephone listings in Arkansas, nor is it registered to do business with the Arkansas Secretary of State, it has a continuous business relationship with Evolve Bank & Trust which is incorporated in Arkansas. MTD, Ex. A, Urbassik Decl. ¶¶ 3–4, 7; Compl. ¶ 8, Doc. No. 1.

Plaintiffs contracted with EZBanc to obtain financial services, including bank, accounts with Evolve. *Id.* ¶¶ 16–9. Evolve was a sponsor bank for services that Solid provided to EZBanc for its digital financial services platform. Br. Supp. Mot. Dismiss 3, Doc. No. 29.

Solid now moves to dismiss plaintiffs' claims against it for lack of personal jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits dismissal when there is a lack of personal jurisdiction. Personal jurisdiction may be exercised over foreign defendants to the extent authorized by the Due Process Clause and the forum's long arm statute. *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991). The Arkansas long arm statute confers jurisdiction to the fullest constitutional limit, making the inquiry whether exercise of jurisdiction would comport with due process. *See Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008); *see also* Ark. Code Ann. § 16-4-101. So long as defendants have minimum contacts with Arkansas so as not to offend traditional notions of fair play and substantial justice, exercise of personal jurisdiction is proper. *Anderson v. Dassault Aviation*, 361 F.3d 449, 451 (8th Cir. 2004). The minimum contact inquiry focuses on the defendants acts and whether they purposely availed themselves "of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

## III. DISCUSSION

Solid's motion to dismiss for lack of personal jurisdiction is denied because Solid has minimum contacts with Arkansas such that it does not offend traditional notions of fair play and substantial justice. Solid is not domiciled in Arkansas and its contacts are somewhat limited, but it has a continuous obligation with Evolve which is an Arkansas resident. *See* Compl. ¶¶ 9, 30, 38, 42. For these reasons, Solid has manifestly availed itself to the privilege of conducting business in Arkansas and it is not unreasonable to require it to submit to the burdens of litigation here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985).

## IV. CONCLUSION

For these reasons, Solid's motion to dismiss is denied.

IT IS SO ORDERED this 24th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE